# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| LAQUITA JOY ROLLINS, ) | Case No.  07-50276 |
| ) | |
| Debtor. ) | |

## MEMORANDUM ORDER

On June 15, 2007, the chapter 7 trustee assigned to this case, Gary D. Barnes ("Trustee"), objected the Debtor's claims of a $1,250 "head of household" exemption and a $3,000 "tool of the trade" exemption in a $10,000 certificate of deposit.  The Debtor did not oppose the Trustee's objection to the head of household exemption, and she conceded at the hearing on Trustee's objection that she is not entitled to that exemption, inasmuch as she is single and has no dependents.[1]  So it will be sustained.  However, the Debtor did contest the Trustee's objection to her claim of a tool of the trade exemption in the certificate of deposit.  Therefore, the sole issue before the Court at this juncture is: Can a debtor claim a "tool of the trade" exemption in a certificate of deposit under Mo. Rev. Stat. § 513.430(4)?

The Court's answer to this question is twofold.  First, as a general matter, the Court finds it doubtful that a certificate of deposit – which is essentially cash – may ever qualify as a tool of the trade that would be exempt under §513.430(4).  Missouri law doesn't require that a tool of the trade be a "tool" in a narrow sense, recognizing, for example, that an automobile can be a tool of the trade when it is used for more than transportation incidental to the Debtor's trade.[2]  But even interpreted broadly, as any "inanimate device such as an instrument or apparatus that augments or extends the limits of human physical ability,"[3] cash is not a tool.  That being said, the Court does not need to make any broad pronouncements of law that certificate of deposits or cash can never be "tools" for purposes of § 513.430(4) because the certificate of deposit alleged as a "tool" in this case is not a

---

[1] *See In re Swigart*, 339 B.R. 724, 727-28 (Bankr. W.D. Mo. 2006).

[2] *See, e.g., In re Baker*, 139 B.R. 468, 470-71 (Bankr. W.D. Mo. 1992) (permitting claim of exemption in passenger van used in the debtor's chauffeur business).

[3] *See In re Eakes*, 69 B.R. 497, 498 (Bankr. W.D. Mo. 1987) (citing *In re Newbury*, 70 B.R. 1, 2 (Bankr. D. Kan.1985).

"reasonable necessity . . . to the debtor's trade or business."[4]

The trade at issue here (ironically) is the operation of a business which assists consumers in repairing their credit history. The Debtor contends that the certificate of deposit is a tool of this trade because Missouri law requires her to maintain a surety account or bond in the amount of $10,000 in favor of the State of Missouri in order to receive payment for performing credit services before those services are completely performed, it takes several months to complete these services, and she does not have the financial wherewithal to operate her business on a cash (versus accrual) basis. This reasoning, however, undermines, rather than supports, the Debtor's contention. The certificate of deposit is not necessary for the Debtor to engage in her chosen trade, it is only necessary for her to get paid in the manner she desires and is apparently only necessary *due to her financial situation*. If the Debtor had another source of income or had been in business long enough to have enough cash in the "pipeline" so that she did not need to charge customers in advance of the completion of her services, the certificate of deposit would not be necessary.

Furthermore, the certificate of deposit is more akin to a condition of doing business than a "tool by means of which acts involved in the conduct of a trade or business are performed."[5] Both may be necessary to engage in a trade, but that doesn't necessarily make both of them "tools." A law license is necessary to practice law, but it is not a tool, whereas a lawyer's books (or, Westlaw/Lexis account, as the modern case may be) would be tools of the lawyer's trade.

Therefore, for the reasons stated above, it is

**ORDERED** that the Trustee's objections to the Debtor's claims of a $1,250 "head of household" exemption and a $3,000 "tool of the trade" exemption in a $10,000 certificate of deposit are hereby SUSTAINED.

**SO ORDERED** this 17th day of August, 2007.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:

---

[4] *See In re Baker*, 139 B.R. at 470.

[5] *See, e.g., McNamara v Kienholz* (*In re Stubenhofer*), 31 B.R. 820 (Bankr. W.D. Penn. 1983) (holding that a liquor license is not a tool of the trade but, rather, it is a condition of doing business).

Bruce E. Strauss
Gary D. Barnes